# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 25, 2021

Lyle W. Cayce
Clerk

No. 21-10186
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ENRIQUE ANDRES LANDETA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-cr-130-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

A jury convicted Enrique Andres Landeta of possession with the intent to distribute more than 500 grams of methamphetamine. *See* 21 U.S.C. § 841(a). The district court sentenced him to 292 months in prison. That

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentence is at the low end of the Guidelines range. Landeta now argues it is substantively unreasonable. We disagree and affirm.

We review a sentence's substantive reasonableness for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 56 (2007). More specifically, we ask whether the district court "abused [its] discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence it imposed. *Id.*; *see also United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011) ("Appellate review for substantive reasonableness is highly deferential."). And a within-Guidelines sentence like Landeta's is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut that presumption, Landeta must show that either (1) "the sentence does not account for a factor that should receive significant weight," (2) "it gives significant weight to an irrelevant or improper factor," or (3) "it represents a clear error of judgment in balancing sentencing factors." *Id.*

Landeta makes two arguments. First, he says the district court gave too little weight to considerations like his minor role in the offense, his limited criminal history, and his mental impairments. But the district court did consider and "account for" each of those things. *Cooks*, 589 F.3d at 186. So Landeta's argument "amounts to a request that we reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do." *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

Second, he says the Guidelines wrongly assume that methamphetamine purity is a proxy for the crime's seriousness. *See* U.S.S.G. § 2D1.1, Notes to Drug Quantity Table, n.(C). Our precedent squarely forecloses this kind of empirical argument. In *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), we explained that "we will not second-guess" a within-Guidelines sentence "simply because the particular Guideline is not empirically-based." *Id.* at 367.

No. 21-10186

AFFIRMED.